UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| PT. ZINUS GLOBAL INDONESIA ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant. ) ) | Court No. 24-00004 |

# COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, PT. Zinus Global Indonesia ("Plaintiff," "Zinus," or "Zinus Indonesia"), by and through its counsel, hereby alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the U.S. Department of Commerce ("Commerce")'s final results in the antidumping duty administrative review regarding Mattresses from Indonesia. *See Mattresses from Indonesia: Final Results of Antidumping Duty Administrative Review; 2020-2022*, 88 Fed. Reg. 85,240 (Dep't Commerce Dec. 7, 2023) ("*Final Results*"). This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1516a(a)(2).

## STANDING

2. Zinus participated as a mandatory respondent in the proceeding before Commerce that resulted in the contested *Final Results*. Zinus is an Indonesian producer and

1

exporter of the subject mattresses. Therefore, Zinus is an interested party within the meaning of 19 U.S.C. § 1677(9)(A). Accordingly, Zinus has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

3. On December 7, 2023, Commerce published the contested *Final Results* in the Federal Register. *See Final Results*, 88 Fed. Reg. 85,240 (Dep't Commerce Dec. 7, 2023).

4. On January 8, 2024, 30 days after the publication of the contested *Final Results*, Plaintiff timely filed a Summons to commence this action in accordance with 19 U.S.C. § 1516a(a)(2)(B)(iii).[1]

5. Plaintiff is timely filing this Complaint within 30 days after the date on which the Summons was filed. Therefore, in accordance with 19 U.S.C. § 1516a(a)(2)(A)(i), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of the Rules of the U.S. Court of International Trade, this action has been timely brought.

## STATEMENT OF FACTS

6. On May 14, 2021, Commerce published an antidumping duty order covering mattresses from Indonesia. *See Mattresses from Cambodia, Indonesia, Malaysia, Serbia, Thailand, the Republic of Turkey, and the Socialist Republic of Vietnam: Antidumping Duty Orders and Amended Final Affirmative Antidumping Determination for Cambodia*, 86 Fed. Reg. 26,460 (Dep't Commerce May 14, 2021).

---

[1] Because the 30-day deadline to file the summons fell on a Saturday, the deadline moves to the next business day in accordance with Rule 6(a)(1)(C) of the Rules of the U.S. Court of International Trade.

7. On July 14, 2022, Commerce initiated the first administrative review of the antidumping duty order mattresses from Indonesia, covering the period of review ("POR") of November 3, 2020, through April 30, 2022. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 42,144 (Dep't Commerce July 14, 2022).

8. On August 5, 2022, Commerce issued a memorandum stating that it had selected PT. Zinus Global Indonesia as a mandatory respondent in the first administrative review. *See* Memorandum from the Department, "Antidumping Duty Administrative Review of Mattresses from Indonesia: Respondent Selection" (Aug. 5, 2022).

9. On August 8, 2022, Commerce issued an initial questionnaire to PT. Zinus Global Indonesia for the first administrative review. Letter from the Department to PT. Zinus Global Indonesia, "Administrative Review of the Antidumping Duty Order on Mattresses from Indonesia: Request for Information" (Aug. 8, 2022).

10. On August 22, 2022, Zinus informed Commerce that it did not have a viable home or third country market for the purposes of determining normal value. Letter from Zinus, "Notification of Non-Viable Home Market and Request for Certain Reporting Modifications" (Aug. 22, 2022).

11. On September 29, 2022, Commerce requested that interested parties submit comments and information for the purposes of determining constructed value ("CV") profit and selling expenses. Letter from the Department, "Antidumping Duty Administrative Review of

3

Mattresses from Indonesia: Request for Constructed Value Profit and Selling Expense Comments and Information" (Sept. 29, 2022).

12.     On October 20, 2022, Zinus and other interested parties submitted CV profit and selling expense information and comments for Commerce's consideration. *See e.g.*, Letter from Zinus, "Constructed Value Profit and Selling Expense Information and Comments" (Oct. 20, 2022). Subsequently, on October 31, 2022, Zinus and other interested parties submitted rebuttal CV profit and selling expense information and comments. *See* Letter from Zinus, "Rebuttal Comments Concerning CV Profit and Selling Expenses" (Oct. 31, 2022). In its rebuttal comments, Zinus highlighted the fact that Kurlon Enterprise Limited ("Kurlon Enterprise")'s sales of comparable products subject to the antidumping administrative review (i.e., foam/spring mattresses) account for less than 35 percent of its total sales. *Id*. at 8.

13.     Between September 2022 and June 2023, Plaintiff submitted timely responses to Commerce's initial antidumping duty questionnaire and multiple supplemental questionnaires. For instance, on October 3, 2022, Plaintiff submitted its initial Section C questionnaire response. Letter from Zinus "Zinus' Section C Questionnaire Response" (Oct. 3, 2022) ("Zinus CQR"). In that response, Zinus explained that it sells to major U.S. retailers and has different customer codes (CUSCODU) depending on the sales channel to the customer. *See id*. at Exhibit C-6. Pursuant to Commerce's instruction to report only one name or code for each U.S. customer, Zinus reported the consolidated customer code in the field CCUSCODU. *See id*. at C-24 and

Exhibit C-6 (providing a list of customer names and corresponding codes for each sales reporting entity, as well as the consolidated customer codes).

14. On February 24, 2024, Plaintiff filed its response to Commerce's January 19, 2023, Supplemental Section C questionnaire, consisting of 190 questions primarily regarding Zinus' U.S. sales of subject mattresses. In Zinus' supplemental section C questionnaire response Plaintiff explained that it sold defective products, or "B Grade" merchandise, to a company in the business of handling defective products under the explicit condition that such mattresses may not be sold in the U.S. market. *See* Letter from Zinus, "Zinus' Supplemental Section C Questionnaire Response" (Feb. 24, 2023) ("Zinus Supp. CQR") at SC-8. Zinus also provided a copy of the confirmation letter from the customer in which the customer confirmed that it would export the defective merchandise out of the United States. *Id*. at SC-9 and Exhibit SC-12. The exhibit also included a sample bill of lading from the customer showing that the merchandise at issue was in fact exported out of the United States. *Id*. at SC-10.

15. On May 31, 2023, Commerce issued the preliminary results of the first administrative review in which it calculated a preliminary antidumping duty margin of 0.00 percent *ad valorem* for Plaintiff. *See Mattresses from Indonesia: Preliminary Results of Antidumping Duty Administrative Review; 2020–2022*, 88 Fed. Reg. 37,027 (Dep't Commerce June 6, 2023), and accompanying Memorandum, entitled "Decision Memorandum for the Preliminary Results of Antidumping Duty Administrative Review; 2020-2021; Mattresses from Indonesia," (Dep't Commerce May 31, 2023) ("Preliminary Decision Memorandum").

16. In its preliminary results, Commerce calculated CV profit and selling expense ratios by using an average from two surrogate sources: the 2021 financial statements of

Masterfoam Industries Sdn. Bhd. ("Masterfoam"), a Malaysian producer of mattresses; and Kurlon Enterprise, an Indian mattress and retail conglomerate. *See* Preliminary Decision Memorandum at 12 and 15-16. Commerce also included Zinus' sales of B Grade merchandise in its margin calculation program, including those sales to a customer for which there exists an agreement that those mattresses not be resold in the United States (which accounted for 98 percent of total B Grade sales made during the period of review). *See* Memorandum to the File from Brian Smith, "Preliminary Results Margin Calculation for PT Zinus Global Indonesia" (May 31, 2023) ("Zinus Prelim. Calc. Memo") at 4.

17. In discussing its application of its "differential pricing analysis," Commerce stated that "{p}urchasers are based on the consolidated customer codes reported by the respondent." Preliminary Decision Memorandum at 6. Despite this statement, in its preliminary margin calculation for Plaintiff, Commerce relied on the non-consolidated customer code (i.e., field CUSCODU) rather than the reported consolidated customer code (CCUSCODU). *See* Zinus Prelim. Calc. Memo, Attachment 1, at line 8508.

18. In June and July 2023, Commerce conducted on-site verification of Zinus Indonesia and Zinus, Inc. ("Zinus KR"), Plaintiff's Korean parent company. During verification, Commerce spoke with Zinus company officials regarding the sales of B Grade merchandise; examined photographs demonstrating the defective state of such products; and examined sales documentation that demonstrated that, where possible, Zinus' customer resold such products to entities outside of the United States. Those products not sold were either scrapped or retained. *See* Memorandum to the File, "Verification of the Sales and Cost Responses of PT Zinus Global Indonesia in the Antidumping Duty Administrative Review of Mattresses from Indonesia" (Oct. 12, 2023) ("Zinus Verification Report") at 52.

19.     In October and November 2023, Plaintiff and interested parties, including the Mattress Petitioners,[2] submitted case and rebuttal briefs. In its case brief, Plaintiff argued that Commerce should not use Kurlon Enterprise as a CV profit and selling expense source in the final results. Letter from Zinus, "Zinus' Case Brief" (Oct. 26, 2023) ("Zinus DOC Case Brief") at 13. Rather, Plaintiff argued, Commerce should instead rely on the 2021-2022 audited financial statement of Tirupati Foam Limited ("Tirupati"), an Indian producer of comparable merchandise subject to review, or solely on Masterfoam's financial statement. *Id*. at 11-13 and fn. 33. Plaintiff also argued that Commerce should remove Zinus' sales of B Grade merchandise from its margin calculation, as such sales were made on the condition that the products would not be sold in the United States. *Id*. at 3-9. With respect to Commerce's differential pricing analysis -- despite Commerce's express statement in its Preliminary Decision Memorandum that purchasers are based on "consolidated customer codes," Commerce instead relied on the non-consolidated customer code -- Plaintiff argued that Commerce should correct its apparent error and conduct its differential pricing analysis on the basis of Zinus' reported consolidated customer code. *Id*. at 17-19.

20.     On November 15, 2023, Commerce conducted a public hearing with legal representatives of Plaintiff, the Mattress Petitioners, and the other mandatory respondent in attendance.

---

[2] The "Mattress Petitioners" include Brooklyn Bedding, Corsicana Mattress Company, Elite Comfort Solutions, FXI, Inc., Innocor, Inc., Kolcraft Enterprises, Inc., Leggett & Platt, Incorporated, the International Brotherhood of Teamsters, and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO.

21. On December 1, 2023, Commerce issued its *Final Results* in which it calculated a final weighted-average antidumping duty margin of 6.75 percent *ad valorem* for Plaintiff. *See Final Results*, 88 Fed. Reg. at 85,240 (Dep't Commerce Dec. 7, 2023). The rationale for Commerce's *Final Results* were set forth in an unpublished "Issues and Decision Memorandum." *See* Memorandum, entitled "Issues and Decision Memorandum for the Final Results of the 2020-2022 Antidumping Duty Administrative Review: Mattresses from Indonesia" (Dep't Commerce Dec. 1, 2023) ("Final Decision Memorandum").

22. As part of its final antidumping duty calculations, Commerce continued to apply CV profit and selling expense ratios sourced from both Kurlon Enterprise and Masterfoam. Final Decision Memorandum at 11-13 and 15-18 (Comment 1). Commerce also continued to include Zinus' sales of B Grade merchandise in its margin calculation program. *Id*. at 39 (Comment 9). Although Commerce agreed with Plaintiff that Commerce's practice is to use the consolidated customer code variable rather than the customer code variable to conduct its differential pricing analysis, Commerce used the name of the affiliated seller and the CCUSCODU to define the purchaser in its Cohen's *d* test. *Id*. at 42 (Comment 11).

23. On December 7, 2023, Commerce published its *Final Results* in the Federal Register. *Final Results*, 88 Fed. Reg. 85,240 (Dep't Commerce Dec. 7, 2023). After the publication of Commerce's *Final Results* in the Federal Register, Zinus timely filed this appeal to this Court on January 8, 2024. *See* Summons, ECF No. 1.

## STATEMENT OF CLAIMS

24. In the following respects, Commerce's *Final Results* were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

### COUNT I: Constructed Value Profit and Selling Expense Ratios

25. Paragraphs 1 through 24 of this Complaint are incorporated herein by reference.

26. Commerce's determination to calculate CV profit and selling expense ratios based on the average of two surrogate sources, Masterfoam and Kurlon Enterprise, was unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law. In reaching its decision, Commerce essentially overlooked substantial record evidence demonstrating that Kurlon Enterprise is an unsuitable source of CV profit and selling expense information. By choosing to include a second surrogate source with dissimilar business operations and sales channels to that of Plaintiff, Commerce unreasonably and unlawfully introduced distortions and inaccuracies into the weighted-average antidumping duty calculations.

### COUNT II: Treatment of B Grade Mattress Sales as U.S. Sales

27. Paragraphs 1 through 26 of this Complaint are incorporated herein by reference.

28. Commerce's inclusion of Plaintiff's B Grade sales as U.S. sales included in Commerce's margin calculation program was unreasonable in light of record evidence that Plaintiff considered the material at issue to effectively constitute scrap and that by explicit agreement with the customer would not be sold in the United States. Commerce's decision to treat such sales as U.S. sales of subject merchandise was therefore unsupported by substantial record evidence and otherwise not in accordance with law.

**COUNT III:  Differential Pricing Analysis**

29. Paragraphs 1 through 28 of this Complaint are incorporated herein by reference.

30. Commerce's determination to use the name of the affiliated seller and the consolidated customer code variable (CCUSCODU) field to define the purchaser in its Cohen's *d* test is unreasonable, unsupported by substantial record evidence, and otherwise not in accordance with law.  Although Commerce recognized in its Final Decision Memorandum that its established practice is to rely solely on the consolidated customer code variable (CCUSCODU) to conduct its differential pricing analysis, it departed from that practice to use the name of the affiliated seller in addition to the CCUSCODU.  Commerce failed to provide a reasoned explanation for its departure from established practice, thus its determination is unreasonable.

## **REQUEST FOR RELIEF**

For the foregoing reasons, Zinus respectfully requests that this Court enter judgment in Plaintiff's favor and hold the foregoing aspects of Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law. Therefore, Zinus respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this complaint and provide other such relief as this court deems appropriate.

                                        Respectfully submitted,

                                        <u>/s/ J. David Park</u>
                                        J. David Park
                                        Lynn M. Fischer Fox
                                        Henry D. Almond
                                        Kang Woo Lee
                                        Gina M. Colarusso
                                        Archana Rao P. Vasa

                                        *Counsel to PT. Zinus Global Indonesia*
                                        *Plaintiff*

                                        ARNOLD & PORTER KAYE SCHOLER LLP
                                        601 MASSACHUSETTS AVENUE, N.W.
                                        WASHINGTON, D.C. 20001
                                        PHONE:  (202) 942-5646
                                        FAX:  (202) 942-5999

**Dated:  February 7, 2024**